**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| EPHOCA, INC.<br>1111 Superior Avenue<br>Cleveland, Ohio 44144 | ) | **CASE NO. 5:26-cv-1179** |
| | ) | |
| | ) | |
| Plaintiff | ) | **JUDGE:** |
| | ) | |
| vs. | ) | **JURY DEMAND ENDORSED** |
| | ) | **HEREIN** |
| JAMES REYNA | ) | |
| 9211 Brandywine Rd. | ) | |
| Northfield, Ohio 44067 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

---

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

---

Plaintiff Ephoca, Inc. ("Ephoca"), by and through counsel, and for its Verified Complaint

against Defendant James Reyna ("Defendant"), states as follows:

**INTRODUCTION**

1. This is an action for violations of the Federal Lanham Act and the Ohio Deceptive Trade Practices Act, civil conversion and statutory theft, breach of the duty of loyalty, and tortious interference. Defendant is a former employee of Ephoca who wrongfully converted company funds, misappropriated Ephoca's digital assets, deliberately deleted company digital property to harm the company, and willfully infringed upon Ephoca's intellectual property by doing business using Ephoca's registered trademarks to divert business opportunities.

**PARTIES**

2. Ephoca, Inc. is a Delaware corporation with its corporate headquarters located at 1111 Superior Ave, Cleveland, Ohio 44114.

3. Ephoca manufactures, sells, and provides technical support for premium All-In-One (AIO) heat pump and air conditioning systems.

4. Defendant James Reyna is an individual who, upon information and belief, resides at 9211 Brandywine Rd., Northfield, Ohio 44067.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Ephoca brings claims under the federal Lanham Act, 15 U.S.C. § 1121.

6. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant because he resides in this district and committed intentional tortious acts against Ephoca in Ohio that were likely to injure Ephoca.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

9. Ephoca sells and services "All in One" heat pump and air conditioning products.

10. Recognizing the power of its brands, Ephoca obtained a federal trademark registration for the standard character mark "EPHOCA" in connection with air conditioners, air conditioning apparatus and air conditioning units (U.S. Registration No. 6815533), which was registered on August 9, 2022, and a federal trademark registration for the standard character mark "AIO" in connection with heat pumps (U.S. Registration No. 6816737), which was also registered on August 9, 2022. (See Exhibit 1 to attached Verification). Ephoca uses the "AIO" mark extensively to denote its flagship product line.

11. Ephoca employed Defendant from January 15, 2024, through January 20, 2026, as a Lead Technician.

### *EPHOCA DIRECTED DEFENDANT TO CREATE ONLINE ACCOUNTS*

12. During Defendant's employment, Ephoca specifically tasked Defendant with—and paid bonuses for—representing Ephoca and its AIO products and services through online engagement.

13. Defendant performed his duties representing Ephoca through online engagement during work hours and within the scope of his employment.

14. To fulfill these obligations, Defendant, on Ephoca's behalf, created several digital assets to serve as a technical bridge to Ephoca's customers, including a Reddit account (EphocaAIO), a Gmail account (aiohpacsolutions@gmail.com) (the "Gmail Account"), and an Ephoca YouTube channel (@Ephoca).

15. Defendant utilized the Gmail Account address as a primary contact point on high-traffic technical forums, such as the r/hvacadvice and r/heatpumps subreddits, to troubleshoot AIO systems, monitor competitor discussions, and offer Ephoca products to potential customers.

16. Defendant publicly bundled Ephoca's Gmail Account with official Ephoca contact information, including the Ephoca Cleveland headquarters' phone number, his corporate phone extension, and his corporate email address. He also operated under the capitalized trade alias "ALL IN ONE HEAT PUMP AIR CONDITION SOLUTIONS".

### DEFENDANT STOLE $13,722.28 FROM EPHOCA

17. Beginning on or about June 26, 2024, and continuing through September 13, 2024, Defendant charged, without Ephoca's authorization, knowledge or approval, $12,367.83 to Ephoca's credit card for personal purchases, including entertainment, food, drink, gas, travel and personal merchandise.

18. Upon discovery of Defendant's theft, Ephoca demanded that Defendant repay the stolen credit card funds.

19. Beginning on August 24, 2024, Defendant periodically repaid amounts totaling $11,715.43.

20. Defendant did not repay $652.40 of the fraudulent credit card purchases charged to Ephoca's credit card.

### DEFENDANT USED AIOHPACSOLUTIONS@GMAIL.COM FOR HIS OWN "SIDE JOBS" AND "PERSONAL HVAC BUSINESS"

21. On information and belief, Defendant utilized his position and the Gmail Account to improperly divert Ephoca's business opportunities and leads for his own benefit or contrary to the company's interests.

22. Specifically, Defendant admits that he used the Gmail Account to "run side jobs" and for other "hvac related business" for himself.

### DEFENDANT REFUSED TO PROVIDE CREDENTIALS TO THE GMAIL ACCOUNT

23. In 2026, Ephoca demanded that Defendant return the credentials to the Gmail Account on multiple occasions, including during his employment and a formal legal demand after his termination.

24. Specifically, on January 7, 2026, Ephoca's Human Resources Manager made multiple written demands to Reyna via email, instructing him to either provide the login credentials or transfer full ownership and control of the account to Ephoca by the "end of today". (Verification Exhibit 2).

25. Ephoca's Human Resources Manager reiterated this demand later that same afternoon. (Verification Exhibit 2).

26. On January 11, 2026, following his failure to comply, Human Resources sent another email stating that Defendant had been given clear instructions and multiple opportunities to provide access to the Gmail Account but had failed to do so, leading the company to review his employment status. (Verification Exhibit 3).

27. On January 14, 2026, during a meeting, Human Resources again instructed Defendant to provide the credentials to the Gmail Account. Defendant again failed and refused to do so.

28. On or about January 20, 2026, Ephoca terminated Defendant's employment following his refusal to transfer control of the Gmail Account or provide the credentials to it.

29. On February 13, 2026, following his termination and continued refusal to surrender the Gmail Account, Ephoca's legal counsel formally demanded in writing that Defendant deliver the current password and all recovery information to the law firm by the close of business or face legal action. (Verification Exhibit 4).

30. On February 17, 2026, Defendant replied to Ephoca's legal counsel that he used "[t]he Gmail account (for) personal . . . work other than Ephoca as I do run side jobs. The Gmail is used for personal hvac related business." (Verification Exhibit 5).

31. Defendant otherwise failed and refused to relinquish the credentials to the Gmail Account.

32. Defendant also deleted the company's Reddit account, EphocaAIO, which he had created for and on behalf of Ephoca, without Ephoca's authorization or knowledge.

33. Defendant's deletion of the company Reddit account destroyed a history of Ephoca's technical support and lead generation, irreparably damaging the company's digital footprint and making official company posts appear as though they originated from a suspicious, deleted user.

### DEFENDANT CREATED COMPETING INSTAGRAM AND YOUTUBE ACCOUNTS USING EPHOCA'S "AIO" AND "EPHOCA" MARKS

34. Following Defendant's failure and refusal to relinquish Ephoca's Gmail Account, Ephoca investigated and monitored Defendant's conduct.

35. On April 16, 2026, Ephoca discovered that, beginning in January 2026, Defendant created new public-facing social media accounts that incorporate Ephoca's registered "AIO" trademark and "Ephoca" trade name to promote his personal, competing HVAC repair business.

**Instagram Account**

36. Based on its investigation, Ephoca discovered on April 16, 2026 that Defendant, in or about January 2026, created an Instagram account operating under the handle "@aiohpacsolutions" and using the business name "AIO HPAC SOLUTIONS," both of which directly incorporate Ephoca's registered "AIO" trademark.

37. Throughout February 2026, including in posts dated February 10, 2026 and February 11, 2026, Defendant used the @aiohpacsolutions Instagram account to advertise his repair,

service and diagnostic business by publishing captions such as "Repairing servicing and diagnosing Ephoca all in one heat pump units" and "Ephoca all in one heat pump units. @ephoca," directly tagging Ephoca's official @ephoca Instagram (Exhibit 6).

38. In one or more Instagram posts, Defendant represented that "AIO HPAC SOLUTIONS" is a "factory trained/ trusted provider" operating across North America, thereby falsely implying that Defendant is an authorized or official Ephoca service provider (*Id*).

39. Defendant also posted on the @aiohpacsolutions Instagram account a photograph of a workspace captioned "Ephoca warehouse," and photographs depicting boxes prominently displaying Ephoca's "aio Ephoca" logo and packaging (*Id*).

### *YouTube Channel*

40. Approximately one month before Ephoca discovered it, Defendant also created a new YouTube channel titled "AIO HVAC EPHOCA," operating under the account handle "@AIOHVACTECH," both of which incorporate either Ephoca's "AIO" trademark or "Ephoca" trade name.

41. The public description for the "AIO HVAC EPHOCA" YouTube channel expressly identifies Defendant as "Ephoca lead service tech now providing direct" services, when in fact Defendant is not Ephoca's authorized lead technician.

42. Defendant has published videos to the "AIO HVAC EPHOCA" YouTube channel that use Ephoca's "Ephoca" and "AIO" marks in their titles and tags, including a video titled "How to change Celsius to Fahrenheit display on Ephoca all in one heat pump system Older generation" and a video titled "Ephoca all in one heat pump jobsite repairs @AIOHVACTECH @HvacTechnicalSolutions @EphocaTech." (Exhibit 7).

43. Each of the YouTube videos described above was published in or about March of 2026, and therefore was published after Ephoca's February 13, 2026 cease and desist letter referenced in paragraph 29 above.

44. Despite receipt of the February 13, 2026 cease and desist letter, Defendant knowingly escalated his unauthorized use of Ephoca's "AIO" and "Ephoca" marks, including by publishing additional Instagram posts on or about February 23, 2026, publishing the YouTube videos described above, and maintaining the @aiohpacsolutions Instagram account and the "AIO HVAC EPHOCA" YouTube channel on a continuing basis through the present (*Id*).

45. All of Defendant's conduct on and after February 13, 2026 has been and continues to be knowing, deliberate and willful, and has been undertaken in conscious and reckless disregard of Ephoca's trademark rights and Ephoca's express written demand that Defendant cease and desist.

### COUNT ONE: TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114 and 1125)

46. Ephoca incorporates each and every preceding paragraph as if fully restated herein.

47. Ephoca is the registered owner of the "Ephoca" trademark, US Serial Number 88710004 and US Registration Number 6815533.

48. Ephoca is the registered owner of the "AIO" trademark, US Serial Number 97104850 and US Registration Number 6816737.

49. Defendant's unauthorized retention and use of the aiohpacsolutions@gmail.com Gmail Account directly incorporates Ephoca's registered "AIO" trademark.

50. Defendant's unauthorized creation and operation of the @aiohpacsolutions Instagram account (doing business as "AIO HPAC SOLUTIONS") and his "AIO HVAC EPHOCA" YouTube channel (operating under handle @AIOHVACTECH) likewise directly incorporate Ephoca's registered "AIO" trademark, and Defendant's repeated use of "Ephoca" in those accounts, in video titles, in post captions, in channel descriptions and in Instagram tags of Ephoca's own @ephoca account further exploits Ephoca's "Ephoca" trade name.

51. Defendant's use of the AIO mark in connection with providing HVAC advice and communicating with customers creates a false designation of origin and is likely to cause confusion, mistakes, or deception as to the affiliation, connection, or association of Defendant with Ephoca and its All in One line of products.

52. Defendant's use of Ephoca's "AIO" and "Ephoca" marks on the @aiohpacsolutions Instagram account and the "AIO HVAC EPHOCA" YouTube channel to advertise his repair, service and diagnostic offerings, and his self-description as "Ephoca lead service tech now providing direct" services—likewise constitutes a false designation of origin, false association and false advertising in violation of 15 U.S.C. §§ 1114 and 1125, and is likely to cause consumer confusion, mistakes or deception as to Defendant's affiliation, connection, association, sponsorship or approval by Ephoca.

53. Defendant's continued use of the mark constitutes willful trademark infringement under the Lanham Act, causing Ephoca to suffer irreparable harm, reputational damage, and monetary damages in an amount to be proven at trial.

54. Defendant's knowing continuation and escalation of his use of Ephoca's "AIO" and "Ephoca" marks on Instagram and YouTube after receipt of Ephoca's February 13, 2026 cease and desist letter renders his infringement knowing, willful and exceptional within the meaning of 15 U.S.C. § 1117, entitling Ephoca to enhanced damages, disgorgement of profits, and an award of its attorneys' fees.

**COUNT TWO: DECEPTIVE TRADE PRACTICES**
**(O.R.C. § 4165.01 et. seq.)**

55. Ephoca incorporates each and every preceding paragraph as if fully restated herein.

56. By utilizing aiohpacsolutions@gmail.com and holding himself out as the "Lead Technician" using the "AIO" mark post-termination, Defendant is passing off his services as those of Ephoca and causing a likelihood of confusion or misunderstanding as to his affiliation, connection, or association with the company.

57. Defendant is likewise passing off his services as those of Ephoca, and creating a likelihood of confusion or misunderstanding as to his affiliation, connection, association, sponsorship, certification or approval, by:

a. operating the @aiohpacsolutions Instagram account;

b. operating the "AIO HVAC EPHOCA" YouTube channel (handle @AIOHVACTECH),

c. representing himself to consumers as "Ephoca lead service tech now providing direct" services and as a "factory trained/ trusted provider,"

d. tagging Ephoca's official @ephoca Instagram account in his promotional posts, and

e. using Ephoca's "Ephoca" trade name in his video titles, post captions and channel metadata, all in violation of O.R.C. § 4165.02.

58. Because this conduct continued after Defendant's receipt of Ephoca's February 13, 2026 cease and desist letter, Defendant's deceptive trade practices are knowing and willful, entitling Ephoca to its attorneys' fees under O.R.C. § 4165.03.

59. Defendant's deceptive trade practices have directly and proximately misled consumers, resulting in brand tainting and operational recovery costs.

### COUNT THREE: CIVIL CONVERSION AND STATUTORY THEFT
### (O.R.C. §§ 2307.60, 2307.61)

60. Ephoca incorporates each and every preceding paragraph as if fully restated herein.

61. Ephoca rightfully owned and owns the digital accounts created by Defendant in the scope of his employment (including aiohpacsolutions@gmail.com and the EphocaAIO Reddit account), the proprietary data within them, and the expense funds misappropriated by Defendant.

62. Defendant wrongfully exercised dominion and control over this property to the exclusion of Ephoca by refusing to surrender the Gmail Account credentials, permanently deleting the Reddit account, and keeping the misappropriated expense funds until Ephoca discovered his theft, and continuing afterwards to this day for a portion of them.

63. Defendant's criminal conduct constitutes theft, as defined under, *inter alia*, R.C. § 2913.02, entitling Ephoca to recover civil damages pursuant to R.C. §§ 2307.61 and 2307.60.

64. As a direct and proximate result of Defendant's conversion and statutory theft, Ephoca has suffered damages in an amount to be determined at trial.

### COUNT FOUR: BREACH OF DUTY OF LOYALTY

65. Ephoca incorporates each and every preceding paragraph as if fully restated herein.

66. As an employee for Ephoca, Defendant owed a fiduciary duty of loyalty to Ephoca.

67. Defendant breached his duty of loyalty by, on information and belief, diverting business opportunities from Ephoca to competitors or himself during his employment, maliciously destroying company property by deleting the EphocaAIO Reddit account, and misappropriating corporate digital assets and expense funds.

68. Because Defendant was a faithless servant, Ephoca is entitled to the forfeiture and disgorgement of all compensation and bonuses paid to Defendant during his period of disloyalty, as well as damages for the value of the misappropriated business opportunities.

## COUNT FIVE: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

69. Ephoca incorporates each and every preceding paragraph as if fully restated herein.

70. Ephoca has prospective and existing business relationships with customers seeking AIO system support and installation.

71. Defendant, aware of these relationships, purposefully and intentionally interfered with them by intercepting customer inquiries through the aiohpacsolutions@gmail.com Gmail Account and refusing to surrender the lead data to the company.

72. Defendant has also purposefully and intentionally interfered with Ephoca's prospective and existing customer relationships by using the @aiohpacsolutions Instagram account and the "AIO HVAC EPHOCA" YouTube channel to solicit Ephoca's customers and prospective customers directly, using Ephoca's own "AIO" and "Ephoca" marks, misrepresenting himself as Ephoca's "lead service tech," and diverting those customers and prospective customers to his own competing repair business.

73. Defendant lacked justification to interfere with Ephoca's prospective and existing business relationships.

74. As a direct and proximate result of Defendant's tortious interference, Ephoca has suffered lost sales, lost SEO and lead-generation funnels, and other damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ephoca, Inc. respectfully requests that this Court enter judgment against Defendant James Reyna as follows:

A. Issue preliminary and permanent injunctive relief enjoining Defendant from using the "AIO" or "Ephoca" marks, including but not limited to the use of:

    a. aiohpacsolutions@gmail.com,

    b. @aiohpacsolutions Instagram account (doing business as "AIO HPAC SOLUTIONS"),

    c. "AIO HVAC EPHOCA" YouTube channel (handle @AIOHVACTECH),

    d. and any other confusingly similar handle, account name, channel name, trade name or mark, and

    e. ordering Defendant to immediately transfer all administrative credentials for said accounts to Ephoca and to remove, take down or destroy all infringing posts, videos, captions, images and other content published through those accounts.

B. Award compensatory damages in an amount to be determined at trial for Defendant's conversion, breach of duty of loyalty, trademark infringement, and tortious interference.

C.  Order the disgorgement of all compensation, bonuses, and profits received by Defendant during his period of disloyalty and infringement.

D.  Award treble, punitive, and exemplary damages pursuant to 15 U.S.C. § 1117, O.R.C. §§ 2307.61 and 4165.03, and Ohio common law due to Defendant's willful, malicious, and wanton destruction of the Reddit account, infringement of Ephoca's trademarks and conversion of expense funds, including Defendant's knowing and willful continuation and escalation of his infringement on the @aiohpacsolutions Instagram account and the "AIO HVAC EPHOCA" YouTube channel after receipt of Ephoca's February 13, 2026 cease and desist letter.

E.  Award Ephoca its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, Ohio statutes, and common law.

F.  Award prejudgment and post-judgment interest.

G.  G. Award such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ *Stuart G. Torch*
Stuart G. Torch #0079667
Neil E. Klingshirn #0037158
Employment Law Partners, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
216.382.2500
Stuart@EmploymentLawPartners.com
Neil@EmploymentLawPartners.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ *Stuart G. Torch*
Stuart G. Torch